IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE at Knoxville
Assigned on Briefs October 25, 2016

**STATE OF TENNESSEE v. WILLIAM ROLANDUS KEEL**

**Appeal from the Criminal Court for Davidson County**
**No. 2013-A-673     J. Randall Wyatt, Jr., Judge**
_____

**No. M2016-00354-CCA-R3-CD – Filed January 11, 2017**
_____


ROBERT L. HOLLOWAY, JR., J., concurring.

        Although I concur with lead opinion's conclusion that the trial court did not abuse its discretion in sentencing the Defendant, I write separately to express my opinion that the imposition of consecutive, 30-year sentences to be served at 100% pushes the limit of the presumption of reasonableness under State v. Pollard, 432 S.W.3d 851 (Tenn. 2013) and State v. Bise, 380 S.W.3d 682 (Tenn. 2012). Without intending to diminish the reprehensibility of the offense of rape of a child, I would note that the effective 60-year sentence in this case is the same length as a life sentence for first degree murder, but with a life sentence, a defendant may be awarded up to 15% sentence reduction credits and be released after serving 51 years, whereas the Defendant's 60-year sentence is to be served pursuant to Tennessee Code Annotated section 39-13-523 "undiminished by any sentence reduction credits."

        The trial court justified the imposition of consecutive sentencing based on its finding that the criteria in Tennessee Code Annotated section 40-35-115(b)(2) ("The defendant is an offender whose record of criminal activity is extensive[]") and 115(b)(5) ("The defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and the victim . . . , the time span of the defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim . . .") were applicable.

        Because the trial court sentenced the Defendant within the appropriate sentencing range and placed findings on the record to support consecutive sentencing, "the applicable standard of appellate review for a challenge to the imposition of consecutive sentences is abuse of discretion with a presumption of reasonableness." Pollard, 432 S.W.3d at 853. When compared to a life sentence for murder with a 51-year release

eligibility date, the 60-year sentence with no release eligibility seems overly punitive. That disparity however is not sufficient to overcome the presumption that the sentence imposed by the trial court is reasonable.  Therefore, I cannot hold that the trial court abused its discretion in ordering consecutive sentences based on the standard of review set out in Pollard, and I concur in the lead opinion.


_____
ROBERT L. HOLLOWAY, JR., JUDGE